**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

MARCUS D. MCQUEEN, AIS # 177303 *
                                         *

      Plaintiff,                    *

                                          *

vs.                                 * CIVIL ACTION NO. 20-00363-KD-B

                                          *

ALABAMA DEPT. OF CORRECTIONS,    *

                                          *

      Defendant.                   *


**REPORT AND RECOMMENDATION**

Plaintiff Marcus D. McQueen, an Alabama prisoner inmate who is proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983, together with an application to proceed without prepaying fees or costs.[1] (Docs. 1, 2). Upon review of the complaint and McQueen's prior litigation history, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), because McQueen is barred from proceeding *in forma pauperis* and did not pay the filing fee when he filed this action.

**I. Section 1915(g) and McQueen's Litigation History.**

Section 1915(g) provides:

> In no event shall a prisoner bring a
> civil action or appeal a judgment in a civil

---

[1] This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). This action was transferred to this Court from the Northern District of Alabama. (Doc. 4).

action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when he files his next action. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199, 215-16, 127 S. Ct. 910, 921, 166 L.Ed.2d 798 (2007).

Because McQueen sought leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen his complaint. (Doc. 1). In screening the complaint under 28 U.S.C. § 1915(e)(2)(B), the undersigned reviewed the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama to determine if McQueen has three or more actions and appeals that were dismissed on the grounds that

they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  From those dockets, the Court discovered that McQueen has had at least three actions and appeals dismissed for one of the foregoing reasons, namely, McQueen v. City of Birmingham, CA No. 2:14-cv-01201-VEH-JEO (N.D. Ala.  Mar. 9, 2015) (dismissed pursuant to § 1915A(b)(1) and/or (2)); McQueen v. Jefferson Cty. Sheriff's Dep't, CA No. 2:18-cv-02019-MHH-GMB (N.D. Ala. Mar. 6, 2020) (dismissed pursuant to § 1915A(b)(2)); and McQueen v. Wettermark Keith, CA No. 1:18-cv-00109-TFM-MU (S.D. Ala. Sept. 16, 2019) (dismissed pursuant to § 1915(e)(2)(B)(i-iii).[2]  In addition, McQueen has other actions that were dismissed before service on defendants, namely, McQueen v. Daughthart, CA No. 2:17-cv-01733-VEH-JEO (N.D. Ala. May 24, 2018), in which the Magistrate Judge recommended dismissal for failure to state a claim,  28 U.S.C. § 1915A(b)(1), but the action was dismissed for failure to prosecute when McQueen's copy of the recommendation was returned to the court; McQueen v. Grocery Store, CA No. 2:19-cv-01449-CLM (N.D. Ala. Oct. 7, 2019) (dismissed for lack of subject matter jurisdiction, among other things); McQueen v. Washington, CA No. 2:20-cv-00392-AKK-JEO (N.D. Ala. Mar. 26, 2020) (dismissed

---

[2] The Court is taking judicial notice of the U.S. Party/Case Index, PACER Service Center.  Grandinetti v. Clinton, 2007 WL 1624817, at *1 (M.D. Ala. 2007) (unpublished).

for lack of subject matter jurisdiction); and <u>McQueen v. St. Vincent Hospital</u>, CA No. 2:20-cv-00371-MHH-SGC (dismissed for failure to pay the filing fee because he is barred by § 1915(g)). Thus, the present action is due to be dismissed unless McQueen can satisfy the exception to § 1915(g).

## II. <u>Section 1915(g)'s Exception</u>.

Section 1915(g)'s "imminent danger" exception requires that at the time of the complaint's filing, McQueen show that he was "under imminent danger of serious physical injury," not at a prior time. <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999); see <u>Adbul-Akabar v. McKelvie</u>, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied,* 533 U.S. 953 (2001). The exception is "an escape hatch for genuine emergencies," where "time is pressing" and "a threat or prison condition. . . is real and proximate" and "the potential consequence is 'serious physical injury.'" <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002). To determine if § 1915(g)'s exception is met, the "complaint, as a whole, [must] allege[] imminent danger of serious physical injury." <u>Brown v. Johnson</u>, 387 F.3d 1344, 1350 (11th Cir. 2004). To make this showing, a plaintiff "must allege and provide specific fact

allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" Ball v. Allen, 2007 WL 484547, at *1 (S.D. Ala. 2007) (unpublished) (Granade, C.J.); see Brown, 387 F.3d at 1350. McQueen has not done this.

In the complaint, McQueen sues the Alabama Department of Corrections alleging that, "Correction officer[s] are gang affiliated in the Department of Correction[s] gang banging with the inmates in prison causing major problems jumping on inmates because of their gang tides (sic) with Bloods, Crips, Disciples, Vice lord, and other gangs. Officer[s] are fully involved with gang banging, tat[t]oos on officers show they are fighting inmates because of what they are in and where there (sic) from got a lot to do with how they treat us." (Doc. 1 at 3-4). McQueen seeks "100 million for allowing Correction officer[s] to be hired in the Department of Correction[s] while in or affiliated. The officer fighting because of where were (sic) from and how we look, meaning if we look better or from Birmingham Montgomery or Mobile they treat us with revenge." (Id. at 4).

Section 1915(g) requires that McQueen be in imminent danger of serious physical injury when the complaint was filed on June 9, 2020. 28 U.S.C. § 1915(g). However, a review of McQueen's allegations discloses that they are not specific as to him. His

allegations are general and vague and not tied to a specific concrete injury, much less an injury connected to him. His allegations also do not convey that an injury to him is imminent or has been ongoing. "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." Coleman v. Dep't of Corrs., 2008 WL 2474635, *2 (N.D. Fla. 2008) (unpublished); see Daker v. Bryson, 784 Fed. Appx. 690, 693 (11th Cir. 2019)(finding plaintiff's claim of "being forced to use unsanitized clippers could expose him to diseases [is] a claim that is simply too speculative to establish that he is under imminent danger of serious physical injury"); Martin v. Shelton, 319 F.3d 1048, 1050-51 (8th Cir. 200 )(finding "conclusory assertions that defendants were trying to kill Martin by forcing him to work in extreme conditions despite his blood pressure condition [is a] type of general assertion [that] is insufficient to invoke the exception to § 1915(g)"); Ball, 2007 WL 484547, at *3 (finding alleged inadequate, unsanitary, and contaminated food and beverages, among other things, did not satisfy the imminent danger exception). But see Mitchell v. Nobles, 873 F.3d 869, 874-75 (11th Cir. 2017) (finding the "total lack of hepatitis treatment and the resulting onset of cirrhosis" met § 1915(g)'s imminent-danger exception); Brown, 387 F.3d at 1350 (finding the complete

withdrawal of HIV and hepatitis medication accompanied by worsening complications from the withdrawal alleged an imminent danger of serious physical injury). Thus, McQueen has not shown that, at the time of filing, he was in imminent danger of serious physical injury. Accordingly, the undersigned finds that the present complaint fails to meet § 1915(g)'s exception.

## III. Conclusion.

Because McQueen cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $400 filing/administrative fee at the time he filed this action, this action is due to be dismissed without prejudice. Dupree, 284 F.3d at 1236; Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir.), *cert. denied,* 535 U.S. 976 (2002). Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party

failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE and ORDERED** this **28th** day of **July, 2020**.

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**